**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

VICTOR LEBRON-CEPEDA,

   Petitioner,

           v.                              **CIVIL NO. 13-1063**

UNITED STATES OF AMERICA,

   Respondent.

**OPINION AND ORDER**

Before the Court is the petitioner's show cause response (Docket # 6). After reviewing the filings and the applicable law, this case is **DISMISSED** for want of jurisdiction.

**Factual and Procedural Background**

On January 29, 2013, the petitioner filed a motion under 28 U.S.C. § 2255, advancing one lone, intelligible argument: That under the Supreme Court's recent decision in Missouri v. Frye, 132 S.Ct. 1399 (2012), "trial counsel's erroneous advice regarding the consequences of . . . [his] decision to proceed to trial rather than plead guilty falls below the wide range of professional competence demanded by the Sixth Amendment . . . [,] depriv[ing] . . . [him] of effective assistance of counsel." Docket # 2, p. 2. Because the petitioner had previously filed (and the Court already adjudicated) a § 2255 motion claiming that his counsel had provided ineffective assistance, see Lebrón-Cepeda v. U.S., No. 06-1171, 2009 WL 161712 (D.P.R. Jan. 21, 2009) (denying ineffective assistance claim), and because it appeared from the record that the petitioner neither sought nor obtained the requisite authorization from the Court of Appeals, he was ordered "to show cause why this court should not dismiss the instant action for want of jurisdiction, insofar as it constitutes an unauthorized second or successive petition under 28 U.S.C.A. § 2255(h) and 28 U.S.C. § 2244(b)(1)." Docket # 3, p. 1 (citing Burton v. Stewart,

**CIVIL NO. 13-1063 (SEC)**                                                                 **Page 2**

549 U.S. 147, 152 (2007) (per curiam)); see <u>Mayle v. Felix</u>, 545 U.S. 644, 656 (2005) ("Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading.") (alterations in original).

The petitioner complied and showed cause on April 10, 2013. Docket # 6. He should be allowed to file a second or successive § 2255 motion, the petitioner maintains, because his counsel "totally misinformed" him regarding "the consequences of proceeding to trial rather than pleading guilty." Docket # 2, p. 6; Docket # 6, p. 2. The petitioner does not allude to new evidence of his innocence; he relies on a putatively "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). As noted above, he relies on <u>Frye</u>, which involved a counsel's failure to communicate a plea offer for a lower sentence than the defendant actually received after pleading guilty, and its companion case, <u>Lafler v. Cooper</u>, 132 S.Ct. 1376 (2012), which applied the Sixth Amendment right to effective assistance of counsel to the plea-bargaining context.

**Standard of Review**

Prior to prosecuting a second or ensuing habeas petition in the district court, the Antiterrorism and Effective Death Penalty Act (AEDPA or Act) requires that prisoners obtain from "the appropriate court of appeals . . . an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255); <u>Raineri v. United States</u>, 233 F.3d 96, 99 (1st Cir. 2000). Section 2255 of the Act is unequivocal that

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

**CIVIL NO. 13-1063 (SEC)** Page 3

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The First Circuit has made clear that district courts lack "jurisdiction to consider a second or successive petition without our authorization." Gautier v. Wall, 620 F.3d 58, 61 (1st Cir. 2010) (citation omitted). It is thus well settled that "sections 2244 and 2255 forbid a district court from entertaining a 'second or successive' motion under section 2255 without permission from the court of appeals . . . ." Jamison v. United States, 244 F.3d 44, 45-46 (1st Cir. 2001) (citation omitted).

**Applicable Law and Analysis**

In this case, the petitioner concedes he neither sought nor obtained the required authorization from the United States Court of Appeals for the First Circuit. Under the AEDPA, however, "he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court . . . [is] without jurisdiction to entertain it." Burton, 549 U.S. 147 at 153. This should dispose of the matter.

But the petitioner insists that this court should find that he "could not have been expected to raise such a claim in his first petition and allow his petition to proceed." Docket # 6, p. 3. This argument is without merit. It is incumbent upon the First Circuit — not this court — to consider whether there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). In any event, neither Frye nor Lafler supports the petitioner's "request for a successive motion because . . [they] did not announce a new rule of constitutional law." Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012). Although the First Circuit has not shed light on the matter, "every circuit court to consider the question has held that Frye and Lafler do not establish a new rule of constitutional law." In re Graham, No. 13-3082, 2013 WL 1736588, at * 1 (10th Cir. Apr. 23, 2013) (per curiam) (to be published in F.3d) (citing, inter alia, Gallagher v. United States,

**CIVIL NO. 13-1063 (SEC)**  **Page 4**

711 F.3d 315, 315–16 (2d Cir.2013) (per curiam); Williams v. United States, 705 F.3d 293, 294 (8th Cir.2013) (per curiam); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir.2012); In re King, 697 F.3d 1189, 1189 (5th Cir.2012) (per curiam); (11th Cir.2012) (per curiam)). The Court need not go further, as its lack of jurisdiction is patently clear.

There is one loose end. "A district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals." Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997) (citations omitted), cert. denied, 523 U.S. 1123 (1998).[1] Here, a transfer would not be "in the interest of justice", 28 U.S.C. § 1631, as there are neither "statute of limitations problems" nor "certificate of appealability issues." United States v. Barrett, 178 F.3d 34, 41 n. 1 (1st Cir. 1999); see also United States v. McNeill, No. 12-6129, 2013 WL 1811904, at * 5 n. 1 (4th Cir. May 1, 2013) (unpublished) ("Where a petitioner has filed multiple successive petitions, a court could find the petition frivolous and dismiss immediately."). Dismissal is therefore in order.

Finally, under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability [COA] when it enters a final order adverse to the applicant." To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). For the reasons stated, this decision is neither wrong nor debatable; it is jurisdictionally required. The petitioner's COA is therefore **DENIED**.

---

[1] Under the First Circuit's recently amended Local Rule 22.1(e),

[i]f a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition. . .

**CIVIL NO. 13-1063 (SEC)**                                                               **Page 5**

**Conclusion**

For the reasons stated, the instant action is **DISMISSED** for want of jurisdiction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of May, 2013

> S/ *Salvador E. Casellas*
> SALVADOR E. CASELLAS
> U.S. Senior District Judge